UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 16-CV-62976

ABDELALI BOUDLAL,

    Plaintiff,

v.

CREDIT CORP. SOLUTIONS, INC.,

    Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"),

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters, placed telephone calls, into this District and and initiated litigation in this District.

**PARTIES**

3. Plaintiff, ABDELALI BOUDLAL, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, CREDIT CORP. SOLUTIONS, INC., is a foreign corporation. It is registered to do business in the State of Florida.

5. Defendant is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is NRAI, 1200 S. Pine Island Rd., Plantation, FL 33324.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly initiates litigation to collect debts.

9. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. Credit Corp. Solutions, Inc. ("Credit Corp.") sought to collect from Plaintiff an alleged debt for personal, family, or household purposes.

11. On or about February 17, 2015, Credit Corp. filed an action against Boudlal in Florida state court to recover on a defaulted credit account.

12. The amount sued upon by Credit Corp. in state court was $1739.33.

13. The state court complaint was dismissed on June 25, 2015, with thirty (30) days leave to amend. The order of dismissal further stated that if the complaint was not amended within that time, the case would be dismissed without further order of the court.

14. Credit Corp. did not amend its complaint within the allotted thirty (30) days.

15. Credit Corp. did not seek to amend its complaint until October 28, 2015. Credit Corp. did not set its Motion to Amend Complaint until Boudlal's Motion for Attorney's Fees was set on March 28, 2016.

16. The Amended Complaint was not deemed filed until March 28, 2016.

17. Prior to Credit Corp. submitting its amended pleading on October 28, 2015, Boudlal had made three (3) payments totaling $150.00 to Credit Corp.

18. At the trial held in the state court matter on May 23, 2016, Plaintiff testified that the balance on Boudlal's account with Credit Corp. was $1589.33 prior to October 28, 2015.

19. Credit Corp. at no time, including up to the trial date, made any attempt to amend its pleading to reflect the correct amount owed.

20. Plaintiff was obligated to pay its state court counsel attorney's fees in the defense of the state court action.

## COUNT I
## MISREPRESENTATION OF AMOUNT OF DEBT
## IN VIOLATION OF 15 U.S.C §1692e(2)(A)

21. Plaintiff incorporates Paragraphs 1 through 20.

22. Defendant falsely misrepresented the amount of the debt in its amended complaint in violation of 15 U.S.C. §1692e(2)(A).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages, both statutory and actual;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## ATTEMPTING TO ENFORCE AN ILLEGITIMATE DEBT
## IN VIOLATION OF Fla. Stat. §559.72 (9)

23.    Plaintiff incorporates Paragraphs 1 through 20.

24.    Defendant falsely misrepresented the amount of the debt in its amended complaint in violation of Fla. Stat. §559.72 (9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages, both actual and statutory;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

    JDL Law, P.A.
    Attorney for Plaintiff
    P.O. Box 277534
    Miramar, FL 33027-7534
    Tel:    954-562-0907
    service@jdllawpa.com
    joel@jdllawpa.com

    /s/ Joel D. Lucoff
    Joel D. Lucoff
    Fla. Bar No. 192163